_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
             COUNSEL/PARTIES OF RECORD

DEC 1 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD WILLARD,

    *Petitioner,*

vs.

RENEE BAKER, *et al.,*

    *Respondents.*

3:11-cv-00876-ECR-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#2) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

    On the pauper application, petitioner paid the filing fee with his initial papers. Petitioner therefore need not obtain pauper status to satisfy the filing fee requirement, and there is no other request for relief before the Court to which the pauper application would pertain. The financial attachments presented further establish that petitioner has sufficient funds to pay the filing fee, which, as noted, he has done. The pauper application therefore will be denied on the showing and papers presented.

    Turning to initial review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

1          ***Background***

2          The allegations of the petition as well as information subject to judicial notice from the

3   online records of the state supreme court and state corrections department reflect the

4   following.

5          Petitioner Harold Willard challenges his conviction, pursuant to a guilty plea, of sexual

6   assault.

7          The judgment of conviction was filed on November 29, 2004.

8          No notice of appeal was filed within the thirty-day time period for filing a direct appeal.

9   The time to do so expired on December 29, 2004.

10         Nearly two years later, on or about September 18, 2006, petitioner filed a state post-

11  conviction petition. The state district court denied relief, and the state supreme court affirmed.

12  The Supreme Court of Nevada held that the petition was untimely. The remittitur issued on

13  April 4, 2011.

14         On or after November 8 , 2011, petitioner mailed the federal petition to the Clerk of this

15  Court for filing.[1]

16         According to the state corrections department website, petitioner currently is 23 years

17  old at this writing. Petitioner thus would have been approximately 16 years old at the time of

18  the judgment of conviction and approximately 18 years old at the time of the filing of the state

19  post-conviction petition.[2]

20         ***Discussion***

21         Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises

22  the question of whether the petition is time-barred for failure to file the petition within the one-

23  year limitation period in 28 U.S.C. § 2244(d)(1).

24

25

26         [1]See #3, at 1. Given the approximately thirty days that elapsed between the date of mailing stated in
    the papers and the docketing of the papers by the Clerk, the Court makes no definitive factual finding that the

27  federal papers in fact were tendered for mailing in the prison through the proper channels on November 8, 2011.

28         [2]See http://www.doc.nv.gov/inmatesearch/form.php.

-2-

1    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless
2  otherwise tolled, begins running after "the date on which the judgment became final by the
3  conclusion of direct review or the expiration of the time for seeking such direct review." In the
4  present case, the limitation period, unless tolled or subject to a different starting date on some
5  other basis, thus began running on the face of the present record after the expiration of the
6  time period for filing a direct appeal, *i.e.,* after December 29, 2004.  Absent tolling or a
7  different accrual date, the one-year limitation period would expire one year later, on
8  December 29, 2005.

9    Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled
10  during the pendency of a properly filed application for state post-conviction relief.  However,
11  an untimely state post-conviction petition is not "properly filed;" and it thus does not statutorily
12  toll the federal limitation period.  *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161
13  L.Ed.2d 669 (2005).  Petitioner's state post-conviction petition was denied as untimely, and
14  the petition therefore did not statutorily toll the federal limitation period under Section
15  2244(d)(2).

16    Accordingly, absent other tolling, or a later accrual date, the federal limitation period
17  expired on December 29, 2005. Petitioner did not mail the federal petition until on or after
18  November 8, 2011, nearly six years after the limitation period had expired, absent tolling or
19  a later accrual date.  The petition therefore is untimely on the face of the record.

20    Petitioner therefore must show cause in writing why the petition should not be
21  dismissed with prejudice as time-barred.

22    In this regard, petitioner is informed that the one-year limitation period may be equitably
23  tolled.  Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been
24  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'
25  and prevented timely filing." *Lawrence v. Florida,* 549 U.S.327, 336, 127 S.Ct. 1079, 1085,
26  166 L.Ed.2d 924 (2007)(quoting prior authority).  Equitable tolling is "unavailable in most
27  cases," *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to
28  trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro,*

-3-

1    292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010

2    (7th Cir.2000)).   The petitioner ultimately has the burden of proof on this "extraordinary

3    exclusion."   292 F.3d at 1065.   He accordingly must demonstrate a causal relationship

4    between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*,

5    345 F.3d 796, 799 (9th Cir. 2003).   *Accord Bryant v. Arizona Attorney General*, 499 F.3d

6    1056, 1061 (9th Cir. 2007).

7          Petitioner also is informed that, under certain circumstances, the one-year limitation

8    period may begin running on a later date or may be statutorily tolled.   See 28 U.S.C. §

9    2244(d)(1)(B), (C) & (D) & (d)(2).

10         Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim

11   of actual innocence, he must come forward with new reliable evidence tending to establish

12   his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him

13   guilty beyond a reasonable doubt, as to all of the charges pending against him in the case

14   prior to the plea.   *See House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006);

15   *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Lee v.

16   Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

17         IT THEREFORE IS ORDERED that petitioner's application (#2) to proceed *in forma

18   pauperis* is DENIED on the showing and papers presented.

19         IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner

20   shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as

21   time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed

22   with prejudice as time-barred without further advance notice.  If petitioner responds but fails

23   to show with specific, detailed and competent evidence that the petition is timely, the action

24   will be dismissed with prejudice.

25         IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response

26   to this show cause order must be detailed, must be specific as to time and place, and must

27   be supported by competent evidence.  The Court will not consider any assertions of fact that

28   are not specific as to time and place, that are not made pursuant to a declaration under

-4-

1  penalty of perjury based upon personal knowledge, and/or that are not supported by
2  competent evidence filed by petitioner in the federal record.  The full state court record will
3  not be available to the Court for review with petitioner's show cause response.  Petitioner thus
4  must attach copies of **all** materials upon which he bases his argument that the petition should
5  not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

6        IT FURTHER IS ORDERED that petitioner shall provide with his response such
7  competent evidence as is available to him of his date of birth.

8        IT FURTHER IS ORDERED that the Clerk of Court shall file in the record and send to
9  petitioner with this order an attachment to this order consisting of a copy of the state supreme
10  court's December 10, 2010, order of affirmance in No. 54885, which can be generated as a
11  .pdf file from the state supreme court's online docket sheet at the link in the footnote below.[3]

12        IT FURTHER IS ORDERED that this order does not signify by omission that either the
13  petition or the claims therein otherwise are free of deficiencies, as the Court defers
14  consideration of any other deficiencies in the papers presented until after assessing the
15  timeliness issue in the first instance.
16        DATED:  December 13, 2011.

17

18

19

20  EDWARD C. REED
    United States District Judge

21

22

23

24

25

26

27

28        [3]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=5824

-5-