UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD WILLARD,<br><br>                          Petitioner,<br>v.<br><br>RENEE BAKER, et al.,<br><br>                        Respondents. | Case No. 3:11-cv-00876-MMD-WGC<br><br>ORDER |

This closed habeas matter comes before the Court on petitioner's motion for reconsideration (dkt. no. 12) of the July 16, 2013, order and judgment dismissing this action as time-barred. The motion was filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

Petitioner Harold Willard challenged his November 29, 2004, Nevada state conviction, pursuant to a guilty plea, of sexual assault. The Court dismissed the petition as untimely following upon a show-cause order (dkt. no. 5) and petitioner's response (dkt. nos. 6 & 9) thereto. The federal petition was mailed for filing on or about November 8, 2011, nearly six (6) years after the expiration of the federal limitation period, absent delayed accrual or tolling, on December 29, 2005. The dismissal order (dkt. no. 10) discusses the relevant procedural history and petitioner's show-cause response at length.

In the motion, petitioner contends, first, that defense counsel was racially biased against petitioner because of Willard's involvement with the Aryan Brotherhood. Petitioner maintains that defense counsel instructed him — at some unspecified time —

that he could not file an appeal "or anything else," including "a writ," and that he would have to stay in prison.

In his show-cause response, Willard maintained that he was entitled to equitable tolling because he allegedly had been waiting for defense counsel to file a direct appeal that he had been paid to file but had not filed. *See* dkt. no. 10 at 4-6 (with record citations). A person of course would not wait for counsel to file an appeal that counsel had told him that he could not file.

Petitioner perhaps is referring to what counsel allegedly told him when counsel responded to his appeal inquiries at an also unspecified time.[1] *See* dkt. no. 10, at 4, lines 12-15. If that is the case, then the Court's discussion in the dismissal order remains applicable.

If petitioner instead is maintaining that defense counsel stated to him back in 2004 that he had no appeal or other options, then, as noted, his allegation is inherently inconsistent with what he declared under penalty of perjury to be true in his show-cause response. Petitioner has the burden of proof in establishing the extraordinary circumstances required for equitable tolling. Serially presenting inherently mutually contradictory factual allegations in the hope that something eventually might stick clearly would not satisfy petitioner's burden.

In all events, whatever defense counsel said or did — or did not say or do — from 2004 to 2006, petitioner cannot establish the timeliness of the 2011 federal petition on that account. Petitioner filed a state petition through different counsel in September 2006, more than five (5) years prior to the filing of the federal petition. Whatever defense counsel did or said or failed to do or say prior to the filing of the September 2006 state petition did not stand in the way of Willard filing a federal petition for the following five years. *See* dkt. no. 10, at 7 (including discussion of the 2005 *Pace*

---

[1] The show-cause order informed petitioner that all of his factual assertions must be detailed and specific as to time and place. The Court again noted this admonition in the dismissal order. Dkt. no. 10, at 5.

decision). Willard became an adult in March 2006, and a habeas petitioner cannot establish a viable basis for equitable tolling on the premise that the limitation period is tolled up until such time as allegedly someone expressly else tells him to file a federal habeas petition. His lay status and unfamiliarity with the law does not provide a basis for equitable tolling. *E.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).[2]

Petitioner contends, second, that he can show "legal" innocence. He maintains that this is a fair and just reason to withdraw a plea, citing to federal criminal cases. He further maintains that a plea of not guilty places all issues in dispute. Willard asserts that the victim has recanted and will so testify.

As the matter stands, petitioner is subject to a presumptively valid state court judgment of conviction entered following a guilty plea. A guilty plea — in contrast to a not guilty plea — eliminates all issues in dispute in the original criminal proceeding, unless and until overturned in a timely proceeding. The effect of petitioner's initial plea of not guilty long since has been superseded by petitioner's guilty plea.

Petitioner further is not presenting a motion to withdraw a guilty plea in a federal criminal case. He instead has presented a facially untimely federal habeas petition seeking to overturn his state court conviction. To overcome the untimeliness of the petition on a showing of innocence, he must establish actual factual innocence. He must come forward with new reliable evidence tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all charges pending against him in his case prior to the plea. Dkt. no. 10, at 7-8.

///

---

[2] Willard did assert in his show-cause response that he "automatically" was entitled to relief because he allegedly was not informed of his right to appeal by the state district court, relying upon inapposite federal case law applying a federal criminal rule that does not apply in state court. Dkt. no. 10, at 6. That, however, is not an allegation that counsel affirmatively stated to him that he could not appeal or seek any other relief. The Court observed regarding that allegation that "alternative pleading notwithstanding, one cannot prove as a matter of actual fact both that one was unaware of one's right to appeal but that one nonetheless was requesting defense counsel to pursue an appeal." *Id.*

3

Petitioner has not done so here. The reviewing court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt," and the court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995). A bare self-serving assertion by a convicted inmate sentenced to life with the possibility of parole that the victim has recanted and will so testify does not constitute reliable evidence. The Court notes that petitioner's latest assertion follows upon his prior account that also was unsubstantiated by competent evidence wherein the victim allegedly had gone to the police to recant but was pressured by the police to not do so. *See* dkt. no. 10, at 8-12. Petitioner, again, clearly was informed in both the show-cause order and the dismissal order that he must present competent evidence supporting his factual assertions. *See* dkt. no. 10, at 12 n.16. His own bare self-serving assertion does not constitute reliable evidence satisfying the narrow *Schlup* gateway, even when that bare self-serving assertion is made in a declaration under penalty of perjury.

Petitioner's remaining discussion in the motion for reconsideration goes to the merits of his claims. Merits argument does not overcome the clear untimeliness of the federal petition.

Petitioner has not presented a viable basis either for overcoming the untimeliness of the federal petition or for an evidentiary hearing as to any issue in that regard.

It is therefore ordered that petitioner's motion (dkt. no. 12) for reconsideration is denied.

DATED THIS 31st day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE